IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAVID D. M.[1],

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY[2],

    Defendant.

Case No. 3:17-cv-00368-AA
**OPINION AND ORDER**

AIKEN, Judge:

Plaintiff David D. M. brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's application for Disability

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental patty or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental patty's immediate family member.

[2] Nancy A. Berryhill's term as the Acting Commissioner of the Social Security Administration ended on November 17, 2017, and a new Commissioner has not been appointed. The official title of the head of the Social Security Administration ("SSA") is the "Commissioner of Social Security." 42 U.S.C. § 902(a)(l). A "public officer who sues or is sued in an official capacity may be designated by official title rather than by name." Fed. R. Civ. P. 17(d). This Comt, therefore, refers to Defendant only as Commissioner of Social Security.

Page 1 - OPINION AND ORDER

Insurance Benefits ("DIB"). For the reasons set forth below, the Commissioner's decision is reversed and remanded for further proceedings consistent with this opinion.

## BACKGROUND

On September 24, 2009, plaintiff applied for a period of disability, DIB and Social Security Income ("SSI"). He alleged disability beginning August 15, 2000, due to a traumatic brain injury. Plaintiff's applications were denied initially and upon reconsideration. On June 13, 2011, plaintiff appeared at a hearing before an ALJ. At the hearing, plaintiff and a vocational expert ("VE") testified. Plaintiff was represented by a non-attorney representative. On June 20, 2011, the ALJ issued a partially favorable written decision. The ALJ granted plaintiff's SSI application, finding him disabled as of September 24, 2009, his application date. But the ALJ denied plaintiff's DIB application, finding he was not disabled on December 31, 2005, his date last insured ("DLI") for Title II purposes. Plaintiff appealed, and the Appeals Council denied his request for review on September 10, 2013.

On November 8, 2013, plaintiff filed a complaint to the United States District Court for the District of Oregon. On November 25, 2015, the District Court issued a remand order for further proceedings. On March 11, 2016, the Appeals Council issued a remand order affirming the finding of disability as of September 24, 2009, and requesting further proceedings consistent with the District Court's order for the earlier period. Upon remand, the ALJ held another hearing on October 19, 2016, specifically addressing the DIB claim. At the hearing, plaintiff appeared and two impartial medical experts testified. Plaintiff was represented by an attorney. On November 3, 2016, the ALJ issued an unfavorable written decision. The ALJ concluded that plaintiff was not disabled within the meaning of the Act from August 15, 2000, through his DLI. Because plaintiff's Exceptions with the Appeals Council were dismissed and the Appeals

Council did not assume jurisdiction over the matter, the ALJ's decision is the Commissioner's final decision. 20 C.F.R. § 404.984(d). On March 3, 2017, plaintiff filed the present complaint.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and quotation marks omitted). The court must weigh "both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a)(4); *id.* § 416.920(a)(4). At step one, the ALJ found plaintiff had not engaged in "substantial gainful

activity" since August 15, 2000, the alleged disability onset date. 20 C.F.R. §§ 404.1520(a)(4)(i), (b); *id.* §§ 416.920(a)(4)(i), (b). At step two, the ALJ found plaintiff had the following severe impairment: "traumatic brain injury." Tr. 257; 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); *id.* §§ 416.920(a)(4)(ii), (c). At step three, the ALJ determined that through the DLI, plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of the listed impairments" that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), (d); *id.* §§ 416.920(a)(4)(iii), (d).

The ALJ then assessed plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e); *id.* § 416.920(e). In addition to other limitations not relevant to this appeal, the ALJ found plaintiff was able to perform light work as defined in 20 C.F.R. § 404.1567(b) except that he could perform only simple, entry-level work. Tr. 258–59. At step four, the ALJ concluded that through the DLI, plaintiff was capable of performing past relevant work as a production assembler and as a clean-up worker. Tr. 263; 20 C.F.R. §§ 404.1520(a)(4)(iv), (f). The ALJ found plaintiff not disabled, as defined by the Act, at any time from August 15, 2000, through the DLI, December 31, 2005 (20 C.F.R. §§ 404.1520(f) and 416.920(f)). Accordingly, the ALJ denied plaintiff's application for DIB.

## DISCUSSION

Plaintiff asserts that this case should be reversed and remanded for an immediate payment of benefits. Plaintiff claims the ALJ erred by: (1) considering only evidence dated between the alleged onset date and the DLI in determining plaintiff's disability; (2) concluding that plaintiff's conditions did not meet or equal to the criteria of the listing on and before the DLI; (3) finding that plaintiff had worked at the SGA level between 1996-1999; (4) failing to give substantial weight to the opinions of Drs. Sacks and Alvord, and Mr. Weaver of Vocational

Page 4 – OPINION AND ORDER

Rehabilitation Department ("VRD"); (5) discrediting plaintiff's testimony; and (6) failing to include all the limitations associated with plaintiff's traumatic brain injury in assessing the RFC.

The Commissioner concedes that the ALJ's decision contains legal errors. However, the Commissioner asserts that because there are outstanding issues requiring resolution by the ALJ, and it is not clear that the evidence would establish disability, the case should be remanded for further proceedings instead of an immediate payment of benefits. Thus, the only question before me is whether this case should be remanded to the ALJ for further proceedings or for immediate payment of benefits.

When the only legal question before the Court is whether to remand for further proceedings or for an immediate award of benefits, the Ninth Circuit provides a three-step analysis known as the "credit as true" doctrine. *See Garrison v. Colvin*, 759 F.3d 995, 1020–21 (9th Cir. 2014); *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Each step of the analysis must be answered in the affirmative for a court to remand to an ALJ with instructions to calculate and award benefits. *Garrison*, 759 F.3d at 1020.

At step one, the reviewing court must determine whether the ALJ made a harmful legal error, such as failing to provide legally sufficient reasons for rejecting evidence. *Dominguez*, 808 F.3d at 407. At step two, the court reviews the record as a whole to determine whether the record is fully developed and free from conflicts, with all essential factual issues resolved. *Id.* Step two is the most important step because "the decision whether to remand for further proceedings turns upon the likely utility of such proceedings." *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000) (citation omitted). If the record is fully developed, the court proceeds to step three and considers "whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true." *Dominguez*, 808 F.3d at

407 (citations omitted). If the ALJ would be required to make such a finding, the court has discretion to remand for an immediate award of benefits. *Id.* Even when all three steps are satisfied, however, the court may remand for further proceedings if the record as a whole "creates serious doubt as to whether a claimant is, in fact, disabled within the meaning of the ... Act." *Id.* at 408 (citation and internal quotation marks omitted).

Because the Commissioner concedes legal error, I begin by reviewing the record as a whole to determine whether the record has been fully developed. In doing so, I "must consider whether there are 'inconsistencies between [the claimant's] testimony and the medical evidence in the record,' or whether the government has pointed to evidence in the record 'that the ALJ overlooked' and explained 'how that evidence casts into serious doubt' the claimant's claim to be disabled." *Dominguez*, 808 F.3d at 407 (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014); *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014)).

The Commissioner asserts that the record has not been fully developed because there are outstanding issues requiring resolution by the ALJ. I agree with the Commissioner. As a preliminary matter and as noted by the ALJ, there is very little medical evidence relating to the earliest years in the asserted period of disability. Medical opinions that predate the alleged onset of disability are of limited relevance. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1165 (9th Cir. 2008) (medical evidence that predated plaintiff's disability onset date by five years and showed improvements in follow up treatment notes did not establish any work-related limitations) It should be noted that while plaintiff attempts to establish his disability sometime between the alleged onset date of August 15, 2000, and December 31, 2005, the DLI, the closest available medical records pre- and post-dating the period at issue are either from 1996 or 2009, respectively.

First, agency guidance explains that in Social Security cases, "onset date is critical" because "it may affect the period for which the individual can be paid and may even be determinative of whether the individual is entitled to or eligible for any benefits." SSR 83-20, *available at* 1983 WL 31249, *1 (1983). The guidance specifies that when the evidence in the record does not conclusively establish an onset date, the onset date "must be inferred" with the assistance "of a medical advisor[.]" *Id.* at *3. While the ALJ did call two impartial medical experts, Dr. William Rack and Dr. Richard Johnson, at the second hearing to determine an onset date as directed by the previous remand order, neither testimony was sufficient to meet SSR 83-20's requirement that the ALJ "create a record which forms a basis" for the onset date. *Armstrong v. Comm'r Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998).

Starting with Dr. Rack, while he was able to confirm that plaintiff would meet the listing 11.18 by 2009, he was not able to offer an opinion that plaintiff would meet or equal to the listing prior to the DLI in 2005. Tr. 286–87. He specifically stated that "four years is a long time in which there's no history or any examination. Any kind of things could've happened to [plaintiff] in those four years [...]." Tr. 287. Such inconclusive statement does not infer an onset date prior to the DLI.

Dr. Johnson, unlike Dr. Rack, came to a conclusion that plaintiff's impairments would equal the listing 12.02 and 12.04 prior to the DLI. Tr. 296. Throughout his testimony, however, Dr. Johnson was not able to answer the question of materiality of plaintiff's drug abuse or alcoholism ("DAA") as a contributing factor to his disability. Tr. 294–95. He specifically noted that there is no "sufficient evidence to opine as to the influence of alcohol and marijuana use, [...] those substances do have a significant influence on brain function, and especially where there has been prior brain damage." *Id.* Considering that a claimant cannot receive disability

benefits if DAA is a contributing factor material to disability, 42 U.S.C. § 423(d)(2)(C), the record requires further development regarding the DAA analysis. The ALJ must evaluate the materiality of plaintiff's DAA, as it may cast serious doubt on plaintiff's disability claim if found affirmative. Additionally, Dr. Johnson pointed out that plaintiff obtaining a college degree indicates that "he is somewhat functional, intellectually," despite some cognitive defects. Tr. 292. As a whole, Dr. Johnson's testimony is insufficient to create a record forming a basis for an onset date prior to the DLI.

Moreover, evaluating plaintiff's work experience as past relevant work and/or substantial gainful activity requires further clarification. For example, plaintiff contends that his work at NW Regulator neither constitutes past relevant work nor substantial gainful activity based on the fact that it was a subsidized position by his family, Pl.'s Br. at 16–19. The Commissioner disagrees and points to plaintiff's earnings records and contends that plaintiff had in fact worked at multiple part-time jobs after leaving NW Regulator in 1996, which resulted in earnings at substantial gainful activity levels. There also remains the question of whether plaintiff was capable of performing "at the light exertional level," Tr. 264, as defined by the Dictionary of Occupational Titles ("DOT"). As there are material conflicts in the record in relation to the ALJ's assessment of the RFC, a remand for further proceedings is appropriate.

In sum, taking the entire record into account, further proceedings are necessary. On remand, the ALJ must retain additional medical experts to determine disability onset date, reevaluate plaintiff's past work from 1996-1999 and the RFC, perform the sequential evaluation process to determine if the DAA is a material contributing factor to plaintiff's disability, and conduct any additional proceedings as required from following the instructions.

///

## CONCLUSION

The Commissioner's decision is REVERSED and this case is REMANDED for further proceedings. Accordingly, this action is DISMISSED.

IT IS SO ORDERED.

Dated this 20th day of September 2018.

                                    /s/ Ann Aiken
Ann Aiken
United States District Judge